United States District Court
Southern District of Texas
**ENTERED**
January 21, 2016
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE TOMAS CASTILLO-GARZA, | § | |
| Movant, | § | |
| | § | |
| | § | |
| v. | § | Case No. 1:16-cv-005 |
| | § | (Criminal No. B-14-928-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Jose Tomas Castillo-Garza's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, Castillo-Garza's "Motion" or "§ 2255 Motion"). Dkt. No. 1. Castillo-Garza's § 2255 Motion should be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## I. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 2255.

## II.  Background

On November 25, 2014, Castillo-Garza pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and § 1326(b). *See United States of America v. Jose Tomas Castillo-Garza*, No. 1:14-cr-00928-1, Dkt. No. 22 at 1.[1]  On March 2, 2015, the District Court sentenced Castillo-Garza to 50 months of imprisonment and ordered him to pay a $100.00 special assessment. *Id*. at 1-3.  Judgment was entered on March 12, 2015.  *Id*.  Castillo-Garza did not file a direct appeal.

Castillo-Garza filed his instant timely § 2255 Motion on January 8, 2016. Dkt. No. 1 at 1.  In his Motion, Castillo-Garza asserts that the trial court erred in assessing his criminal history.  *Id*. at 5.  He also contends that his counsel, Humberto Yzaguirre, Jr., provided him with ineffective assistance.  *Id*. at 4-6. Specifically, he states:

> Lawyer Izaguirre did not assist me in any meaningful way, I requested the fast track program for deportable aliens, and he did not request it. Because of poor advice I did not appeal.

> My criminal background was enhanced with a felony that was made aggravated.  I had in my background a felony where I served a year and a day, which was not supposed to be aggravated, but it was made so to enhance my criminal category.

> Because of poor legal advice, I was not fully aware of my rights, that's why I did not present the grounds before.

---

[1]   Hereinafter, Castillo-Garza's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their criminal docket number.

*Id.* (errors in original, formatting altered).  Castillo-Garza does not provide any additional facts in support of these allegations, or otherwise elaborate upon his claims.

### III.  Legal Standards

**A.  28 U.S.C. § 2255.**  Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude.  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

**B.  Ineffective Assistance of Counsel.**  The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them.  *Missouri v. Frye*, ____ U.S. ____, 132 S.Ct. 1399, 1405 (2012) (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)).  *Laffler v. Cooper*, ____ U.S. ____, 132 S.Ct. 1376, 1385-86 (2012).  The constitutional standard for determining whether a criminal defendant has been denied effective

assistance of counsel at any of the critical stages mentioned above was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1036 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Any deficiencies

in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id*. In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams*, 529 U.S. at 391; *Strickland*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d 202, at 210 (5th Cir. 1994). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987). It is also

generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

## IV. Discussion

As noted above, Castillo-Garza's § 2255 Motion is limited to the following claims:

> Lawyer Izaguirre did not assist me in any meaningful way, I requested the fast track program for deportable aliens, and he did not request it. Because of poor advice I did not appeal.
>
> My criminal background was enhanced with a felony that was made aggravated. I had in my background a felony where I served a year and a day, which was not supposed to be aggravated, but it was made so to enhance my criminal category.
>
> Because of poor legal advice, I was not fully aware of my rights, that's why I did not present the grounds before.

Dkt. No. 1 at 4-6 (errors in original, formatting altered).

To the extent that Castillo-Garza is attempting to claim that Yzaguirre was deficient for failing to seek a reduction in his sentence due to his status as a deportable alien, his claim fails.

> The sentencing guidelines provide that a downward departure on the basis that the defendant is a deportable alien, while permissible, is proper only in the extraordinary case, and such cases are considered "highly infrequent." *See United States v. Garay*, 235 F.3d 230, 232–33 & n. 8 (5th Cir.2000); *see also United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993) (a bank robbery case in which the court held that "[c]ollateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien

may incur following a federal conviction are not a basis for downward departure.").

*United States v. Torres-Orellana*, No. CA C-12-203, 2013 WL 588942, at *3 (S.D. Tex. Feb. 13, 2013), *appeal dismissed* (Aug. 12, 2013).  *See also United States v. Alarcon-Acosta*, No. 2:13-CR-311, 2015 WL 3866711, at *4 (S.D. Tex. June 23, 2015) (same).  Castillo-Garza has not identified any facts indicating that his case was extraordinary.  Further, an ineffective assistance of counsel claim cannot be based on counsel's strategy unless the strategy is "so ill chosen" that it permeates the defendant's proceedings "with obvious unfairness."  *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983).  Castillo-Garza has alleged no facts indicating that Yzaguirre made choices that permeated his proceedings with obvious unfairness. His claim here is conclusory and should be summarily dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Castillo-Garza's argument, that Yzaguirre was ineffective for failing to seek a fast-track program sentence reduction, is similarly unavailing.  Fast-track programs:

> are based on the premise that a defendant who promptly agrees to participate in such a program saves the government significant and scarce resources that can be used to prosecute other defendants, and that a defendant who receives a fast-track departure has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in the Sentencing Guidelines.

*DOJ Memo to Prosecutors: Department Policy on Early Disposition or "Fast-Track" Programs*, 2012 WL 6620439, 25 FED. SENT. R. 53, 53 (2012).  The choice to

initiate the fast-track plea agreement process lies with the Government, not the defendant. *See United States v. Gomez-Herrera*, 523 F.3d. 554, 561 (5th Cir. 2008) (citing *United States v. Zapata-Parra*, 2008 WL 193210, at *1 (10th Cir. January 23, 2008) (unpublished)); *see also United States v. Martinez-Trujillo*, 468 F.3d. 1266, 1269 (10th Cir. 2006) ("The decision that a defendant be 'fast-tracked' is not made by the defendant but by the United States Attorney."); *United States v. Miranda-Garcia*, 2006 WL 1208013, at *1 (M.D. Fla. May 4, 2006) ("[O]nly the government can file a motion for downward departure pursuant to an early disposition program."). Therefore, "where a defense attorney fails to ask for a fast-track sentence reduction his failure will not constitute ineffective assistance of counsel, and will not be deemed to prejudice the defendant." *Lona-Ramirez*, 2013 WL 2297260, at *5 (citing *Martinez–Valdez v. United States*, No. EP–11–CV–68–PRM, 2011 WL 3666606 (W.D. Tex., July 19, 2011)); *United States v. Lumbreras–Amaro*, 627 F.Supp.2d 752, 761 (S.D. Tex., 2008) (citing *Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006)). Castillo-Garza has not shown that Yzaguirre's alleged failure to seek a fast-track program sentence reduction constituted ineffective assistance of counsel. His claim is conclusory and should be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Castillo-Garza's suggestion that the Court erred in assessing his criminal history is also misplaced. Castillo-Garza states the felony in his background "was not supposed to be aggravated, but it was made so to enhance [his] criminal

category." Dkt. No. 1 at 5 (errors in original). However, the record reveals that, on November 2, 2009, Castillo-Garza was convicted of transporting an alien within the U.S. for private financial gain, in violation of "8 U.S.C. § 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(i)." CR Dkt. No. 21 at 1. Well before Castillo-Garza committed his transporting offenses, and at the time he was convicted (*see* CR Dkt. No. 17 at 1, 7 and CR Dkt. No. 21 at 1), transporting one or more aliens within the United States qualified as an aggravated felony. *See United States v. Monjaras-Castaneda*, 190 F.3d 326, 331 (5th Cir. 1999); *United States v. Solis-Campozano*, 312 F.3d 164, 166-67 (5th Cir. 2002). Thus, even if Castillo-Garza's claim was not procedurally barred due to his failure to raise it on direct appeal, his claim would fail on the merits. Castillo-Garza's claim asserting trial court error should be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Finally, Castillo-Garza complains that he did not appeal because Yzaguirre provided him with poor advice. Dkt. No. 1 at 5, 6. As discussed above, Yzaguirre was not ineffective for failing to seek a fast-track program sentencing reduction or a reduction based upon Castillo-Garza's deportable alien status. Castillo-Garza has provided the Court with no other facts indicating that Yzaguirre provided him with poor advice. His claim here is conclusory, unsupported by the record, and subject to dismissal pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted).  Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.  Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability should not issue in this case because Castillo-Garza has not made a substantial showing of the denial of a constitutional right.

## VI.  Recommendation

Castillo-Garza's § 2255 Motion should be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 21st day of January, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge